———o———

5386.

(Court of Appeal, Parish of Orleans.)

## MRS. ELIZABETH GITZ vs. A. M. COOKE.

Involves only issues of fact.

Appeal from the Civil District Court, Division ''D.''

G. J. Untereiner, for plaintiff and appellant.

Saunders, Dufour & Dufour, for defendants and appellee.

ST. PAUL, J.—Plaintiff sues for injuries received by being run into, as she alleges, by a taxi-cab owned by defendants and driven by one of his employees.

The case was tried by a jury, who found for the defendant by a verdict of ten to two, and the verdict was approved by the trial Judge who refused a new trial and rendered judgment in accordance with the verdict

. Our examination of the evidence discloses the following:

Plaintiff testifies that having just alighted from a car near the corner of Canal and Carondelet Streets, she raised her umbrella to protect herself from the rain which was then falling, looked carefully about her in all direc tions for passing vehicles, and seeing that all was clear started to cross the street when she was knocked down by a taxi-cab which she did not see until the moment it struck her.

The chauffeur testifies that he was proceeding at a slow rate of speed (about two miles an hour) preparatory to turning the corner, where a car was approaching, and blowing his horn continuously. That the roadway ahead of him was clear; that the first he saw of plaintiff was when someone shouted to him, and looking to the side he saw her coming rapidly across the street with an umbrella over her head, and about to run into his machine; that he threw off his power, put on his brakes, quickly turned aside his machine in an effort to avoid her, and came to a full stop within a few feet; but was none the less run into by plaintiff who seemed neither to see nor hear the machine but walked straight into the side of it.

Four disinterested and reputable witnesses corroborate the chauffeur's testimony in every material particular, two of them testifying also that plaintiff started across the street without looking around her, apparently in a hurry to find shelter under a gallery on the sidewalk.

This together with the fact testified to by all, that she was not struck by the front of the machine, but was picked up by the side thereof and towards the rear, where she had fallen, permits of no other conclusion than that plaintiff, hidden under an umbrella, and in haste to seek shelter from the rain, started rapidly across the street without taking the needful precautions, and ran into the passing vehicle without seeing it. The fault was hers alone.

On the other hand the chauffeur, from the moment he percieved her danger, did all that was required of him, and all that could be done to avoid the accident, but unfortunately he was unsuccessful in his efforts.

We find no fault or negligence of any sort attributable to defendant, and we think the verdict and judgment correct.

Judgment affirmed.

October 23rd, 1911.

———o———

5372.

(Court of Appeal, Parish of Orleans.)